IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD E. HARRIS, | ) | |
| | ) | 2:08-cv-98-GEB-CMK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER<u>*</u> |
| | ) | |
| BARBARA DILLMAN; SISKIYOU COUNTY OFFICE OF EDUCATION; TIMOTHY PAPPAS; PETER F. KNOLL; KIRK ANDRUS; and COUNTY OF SISKIYOU, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Pending are Defendants' motions to dismiss and Plaintiff Edward Harris's "ex parte" application for leave to file a second amended complaint. Plaintiff, a former school principal and superintendent, alleges that Defendants conspired to violate his civil rights and defamed him by instituting legal actions against him in retaliation for his public opposition to an education policy promoted by Defendant Barbara Dillman ("Dillman"). Defendants Timothy Pappas ("Pappas"), Peter F. Knoll ("Knoll"), Kirk Andrus ("Andrus") and the

---

\*      This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

County of Siskiyou (the "County") move for dismissal of Plaintiff's First Amended Complaint, asserting immunities, statutes of limitation and other defenses bar Plaintiff's claims.  Dillman and the Siskiyou County Office of Education ("SCOE") move for dismissal of Plaintiff's suit against SCOE and Plaintiff's official capacity suit against Dillman, arguing these suits are barred by Eleventh Amendment immunity.  SCOE and Dillman also move to strike under Federal Rule of Civil Procedure ("Rule") 12(f), and all Defendants move for a more definite statement under Rule 12(e).  Plaintiff did not file an opposition to the motions.

## PLAINTIFF'S FACTUAL ALLEGATIONS[1]

Beginning in 2001, Plaintiff was superintendent of a Siskiyou County elementary school.  (First Am. Compl. ("FAC") ¶ 11.) Dillman, who was Superintendent of Schools for Siskiyou County and responsible for administering SCOE, launched a campaign around 2001 to create an "educational consortium."  (Id. ¶¶ 12-15.)  Plaintiff publicly opposed the consortium and announced his intention to run against Dillman for the office of superintendent in the 2002 election. (Id. ¶ 16.)

Dillman met with Knoll, who was district attorney for the County, and Pappas, a deputy district attorney for the County, one or more times prior to the 2002 election.  (Id. ¶ 17.)  At those meetings, Knoll and Pappas committed to Dillman that they would use their office to "silence [P]laintiff's opposition to Dillman's

---

[1] Since Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6), "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff."  Williams ex rel. Tabiu v. Gerber Prods. Co., 523 F.3d 934, 937 (9th Cir. 2008).

2

consortium and thwart his election campaign." (Id.)  They agreed they would "throw stuff" at Plaintiff until "something stuck." (Id.)

Knoll and Pappas "implemented the secret agreement between them and Dillman" by filing a misdemeanor complaint against Plaintiff in July 2001. (Id. ¶ 18.)  The complaint alleged Plaintiff had "annoyed and molested" an underage student. (Id.)  Knoll and Pappas released information about the filing of this complaint to newspapers, and the story was reported in the press. (Id. ¶ 19.)  As a result of the misdemeanor complaint, Plaintiff was placed on unpaid administrative leave from his position as superintendent of an elementary school and his teaching credential was suspended. (Id. ¶ 20.)

In April 2002, Pappas filed a felony complaint against Plaintiff, alleging two counts of annoying or molesting a child, counts of embezzlement of public funds, burglary and other counts. (Id. ¶ 23.)

In August 2002, Pappas dismissed both the misdemeanor complaint and the felony complaint with prejudice and "no credible explanation." (Id. ¶ 25.)

Following the dismissal of the complaints, Plaintiff's teaching credential was restored and he accepted a position as superintendent of Willow Creek Elementary School District. (Id. ¶ 26.)  Dillman subsequently "publicly announc[ed] she would personally end [P]laintiff's career in education." (Id. ¶ 27.)  Dillman filed a civil action against Plaintiff and his employer, the school district, in November 2004 alleging Plaintiff had falsified school attendance figures and had opposed joining Dillman's consortium. (Id. ¶ 28.)  The case was dismissed with prejudice on

1  April 10, 2004, after the school district had spent $76,696 in legal
2  fees.  (Id.)
3       Plaintiff continued to publicly oppose Dillman's consortium
4  proposal between 2002 and 2006.  (Id. ¶ 29.)  Dillman "responded by
5  engaging in a continuous pattern of malicious interference" toward
6  Plaintiff that ultimately caused him to resign from his position in
7  April 2006.  (Id.)  Dillman then reported to the County grand jury
8  that while Plaintiff was superintendent of Willow Creek Elementary
9  School District, he submitted false attendance reports, opposed
10 joining Dillman's consortium, and spent $76,696 in legal fees which
11 did not benefit the district.  (Id. ¶ 30.)  Dillman's statements to
12 the grand jury "were made with the knowledge and acquiescence of
13 Andrus," who had replaced Knoll as the County district attorney.
14 (Id.)
15      The grand jury requested that Andrus launch a criminal
16 investigation of Plaintiff's conduct.  (Id. ¶ 31.)  Andrus knew that
17 Dillman's statements to the grand jury arose out of the "secret
18 conspiracy" between Dillman, Knoll and Pappas, but Andrus responded to
19 the grand jury in writing in November 2006 that he "agreed in part"
20 with the grand jury's findings regarding Plaintiff.  (Id. ¶ 32.)
21      Plaintiff's attorney sent a letter to Andrus on January 5,
22 2007, "to secure evidence for prospective employers that [P]laintiff
23 was not faced with a threat of prosecution."  (Id. ¶ 35.)  Andrus
24 responded that Plaintiff was "not out of the woods yet."  (Id. ¶ 36.)
25 This response "was the first time that [P]laintiff knew that the . . .
26 cause of his injuries was the conspiracy and collaboration by all
27 individual and entity defendants . . . [and] it was concealed and
28

4

1  continuous until Andrus responded" to the January 5, 2007 letter.
2  (Id. ¶ 37.)
3         In November 2007, Plaintiff interviewed for a position in
4  the Siskiyou Modoc Regional Department of Child Support Services.
5  (Id. ¶ 38.)  He was offered the position, but prior to his start date,
6  Andrus contacted that agency and "directed it not to hire" Plaintiff.
7  (Id. ¶ 39.)
8         Plaintiff alleges four claims in his First Amended
9  Complaint:  (1) a 42 U.S.C. § 1983 claim, wherein Plaintiff alleges
10 all Defendants conspired to retaliate against him for exercising his
11 First Amendment right of free speech in opposing the Dillman
12 consortium proposal and "denied [P]laintiff his privileges and
13 immunities" under the Fourteenth Amendment; (2) a state law claim for
14 interference with prospective advantage against Dillman, Andrus, SCOE
15 and the County; (3) a state law malicious prosecution claim against
16 Pappas, Knoll and Andrus; and (4) a defamation claim against Dillman,
17 Pappas, Knoll and Andrus.  Plaintiff sues Dillman, Pappas, Knoll and
18 Andrus in both their individual and official capacities.

                                DISCUSSION

I. Plaintiff's "Ex Parte" Application for Leave to File Second Amended Complaint

         Plaintiff seeks leave to file a second amended complaint
because "additional facts have recently come to light that support
[P]laintiff's allegations."  (Pl.'s App. for Leave at 1:25-2:3.)
         Rule 7 requires that an application for leave to file an
amended complaint "state with particularity the grounds for seeking
the order."  Fed. R. Civ. P. 7(b)(1).  Plaintiff states in his
application that "additional factual matters have come to light which

5

support his conspiracy and Section 1983 claims . . . ." (Pl.'s App. for Leave at 2:9-11.)  Plaintiff's attorney declares, "This action has received publicity in the newspaper . . . [and] [a]s a result . . . [P]laintiff has received information from several sources that support the allegations in his . . . First Amended Complaint." (Id. at 3:3-5.)  Plaintiff did not file a proposed second amended complaint as required by Local Rule 5-137(c).  That rule states: "If filing a document requires leave of Court, such as an amended complaint when an answer is on file, counsel shall attach the document proposed to be filed as an exhibit to the motion . . . ." See Hinshaw v. The Vessel M/V AURORA, 2007 WL 1655844, at *5 (N.D. Cal. June 6, 2007) ("A motion for leave to amend a complaint must attach a copy of the proposed complaint.").  Since it is unclear what new facts or new information Plaintiff intends to include in a second amended complaint and Plaintiff did not file a copy of the proposed amended complaint, Plaintiff's request for leave to file a second amended complaint is denied without prejudice.

## II. Dismissal Motions[2]

### A. Section 1983

Pappas, Knoll and Andrus seek dismissal of Plaintiff's § 1983 claim, arguing they are immune from liability under prosecutorial immunity and that the claim is barred by the statute of limitations. (Pappas, Knoll, Andrus & the County's Mot. to Dismiss ("County Mot.") at 15:6-7, 16:25-26.)

Plaintiff alleges Pappas, Knoll and Andrus "denied [him] his privileges and immunities secured by the Fourteenth Amendment to the

---

[2] The Rule 12(b)(6) dismissal standards are well known and need not be repeated.

6

1  United States Constitution" when they conspired to file the felony and
2  the misdemeanor complaints against him.  (FAC ¶ 45.)  However, "in
3  initiating a prosecution . . . , [] prosecutor[s] [are] immune from a
4  civil suit for damages under § 1983."  <u>Imbler v. Pachtman</u>, 424 U.S.
5  409, 431 (1976).  Therefore, Pappas, Knoll and Andrus have shown they
6  are immune from Plaintiff's claim that they conspired to violate
7  Plaintiff's constitutional rights by filing the felony and the
8  misdemeanor complaints against him; their dismissal motion on this
9  claim is granted.
10            Plaintiff also alleges Andrus violated his constitutional
11 rights when he contacted the Siskiyou Modoc Regional Department of
12 Child Support Services and directed the agency not to hire Plaintiff
13 in December 2007.  (FAC ¶ 45.)  Andrus has failed to show he is immune
14 from this claim under prosecutorial immunity or that the claim is
15 barred by the two-year statute of limitations.  Therefore, Andrus's
16 dismissal motion is denied.
17            The County seeks dismissal of Plaintiff's § 1983 claim,
18 arguing Plaintiff fails to allege that a County policy caused the
19 alleged violation of Plaintiff's constitutional rights.  (County Mot.
20 at 21:1-2.)  The County "can be sued directly under § 1983
21 . . . where . . . the action that is alleged to be unconstitutional
22 implements or executes a policy statement, ordinance, regulation, or
23 decision officially adopted and promulgated by [the County's]
24 officers."  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690-691
25 (1978).  Since Plaintiff fails to allege a County policy caused the
26 alleged violation, the County's motion on this claim is granted.  <u>See
27 Harper v. Sacramento County Sheriff</u>, 2007 WL 1793766, at *2 (E.D. Cal.
28 June 19, 2007) (dismissing complaint since "Plaintiff does not allege

that his injuries were caused as a result of a policy of [the county]").

### B. Interference with Prospective Economic Advantage

Andrus and the County seek dismissal of Plaintiff's interference with economic advantage claim, arguing Plaintiff failed to exhaust his remedies under the California Tort Claims Act. (County Mot. at 13:23-24.)  "The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written [tort] claim and the rejection of the claim in whole or in part." Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); see Cal. Gov't Code §§ 910 et seq. "Complaints that do not allege facts demonstrating either that a [tort] claim was timely presented or that compliance with the claims statute is excused are subject to [dismissal]." Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007).

Plaintiff alleges he complied with the Tort Claims Act by presenting a tort claim on June 5, 2007. (FAC ¶ 51.) However, Plaintiff alleges that Andrus did not interfere with his prospective economic advantage until December 2007, when Andrus called the Siskiyou Modoc Regional Department of Child Support Services and directed the agency not to hire Plaintiff. (Id. ¶¶ 45-46.) Since the June 5, 2007 tort claim could not exhaust Plaintiff's claim concerning something that happened in December 2007, Plaintiff has not adequately alleged compliance with the California Tort Claims Act. Accordingly, Andrus and the County's dismissal motion on this claim is granted.

### C. Malicious Prosecution

Pappas, Knoll and Andrus seek dismissal of Plaintiff's malicious prosecution claim, arguing they are immune from liability

under California Government Code section 821.6.  Plaintiff alleges Pappas and Knoll filed the misdemeanor and felony complaints against Plaintiff "with malice" and that "Andrus was aware of the malicious prosecutions . . . ."  (FAC ¶¶ 61, 63.)  However, section 821.6 provides "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial . . . proceeding within the scope of his employment, even if he acts maliciously and without probable cause."  Cal. Gov't Code § 821.6.  Since Andrus, Pappas and Knoll have shown that section 821.6 bars Plaintiff's malicious prosecution claim against them, their dismissal motion is granted.

D. Defamation

Andrus, Knoll, Pappas and Dillman seek dismissal of Plaintiff's defamation claim, arguing Plaintiff does not "plead the specific defamatory utterances" and "fails to identify which defendant made any defamatory statement."  (County's Mot. at 24:25-26, 25:3-4; SCOE & Dillman's Mot. to Dismiss ("SCOE Mot.") at 7-8.)  "Even under liberal federal pleading standards, 'general allegations of the defamatory statements' which do not identify the substance of what was said are insufficient."  Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (2004).  Defamation "allegations are insufficient [if] they are ascribed to defendants collectively rather than to individual defendants."  Arikat v. JP Morgan Chase & Co., 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006).  Plaintiff alleges that the "[i]ndividual defendants falsely accused [him] of having committed crimes, both misdemeanors and felonies, molested female students, padded school attendance figures, embezzled school property and other offenses . . . ."  (FAC ¶ 67.)  Since Plaintiff fails to allege who made any statements or the substances of any particular statement, Andrus,

9

Knoll, Pappas and Dillman's dismissal motions are granted on this claim.

### E. SCOE and Dillman's Eleventh Amendment Immunity

SCOE and Dillman seek dismissal of Plaintiff's suit against SCOE and Plaintiff's official capacity suit against Dillman, arguing those suits are barred by Eleventh Amendment immunity. (SCOE Mot. at 3:9-12.)

"The Eleventh Amendment bars [§ 1983] suits [against a state] unless the [s]tate has waived its immunity, or unless Congress has exercised its . . . power . . . to override that immunity." Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) (citations omitted). "[T]he Eleventh Amendment [also] bars the adjudication of pendant state law claims against nonconsenting state defendants in federal court." Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 540-41 (2002) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120 (1984)). SCOE is entitled to Eleventh Amendment immunity from Plaintiff's suit since a "county office of education [is an] arm[] of the state for purposes of Eleventh Amendment sovereign immunity." Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1122 (9th Cir. 2007). Plaintiff's official capacity suit against Dillman is also barred by Eleventh Amendment immunity since "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the [official's office] itself." Will, 491 U.S. at 71. Accordingly, SCOE and Dillman's motion on this ground is granted.

///
///

10

### III. SCOE and Dillman's Motion to Strike

SCOE and Dillman move to strike paragraph 49 of Plaintiff's First Amended Complaint, which states "Plaintiff does not have a complete and adequate remedy at law and is thus entitled to injunctive and equitable relief to remedy the rights complained of herein." (FAC ¶ 49.) SCOE and Dillman also move to strike the fourth prayer for relief, which asks for attorney's fees "pursuant to 42 U.S.C. 1986," since section 1986 is not an attorney fee provision. (SCOE Mot. at 9:15.) "Upon a motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A "motion to strike is appropriate to address requested relief . . . which is not recoverable as a matter of law." Wilkerson v. Butler, 229 F.R.D. 166, 172 (E.D. Cal. 2005). Since Plaintiff has not alleged any facts to support injunctive or equitable relief and section 1986 is not an attorney fees provision, the motion to strike is granted.

### IV. Motions for More Definite Statement

Andrus and the County seek a more definite statement of Plaintiff's interference with prospective advantage claim, the County seeks a more definite statement of its alleged liability under § 1983, and Andrus, Pappas, Knoll and Dillman seek a more definite statement of Plaintiff's defamation claim. (County's Mot. at 8:21-27.) These motions are denied as moot since the dismissal motions were granted on these claims.

Andrus, Pappas, Knoll and the County seek a more definite statement of the alleged conspiracy and of the duties Andrus allegedly owed to Plaintiff. (Id.) However, this motion is denied because

11

these Defendants have not shown that those allegations are "so vague or ambiguous that [they] cannot reasonably be required to frame a responsive pleading . . ."  Fed. R. Civ. P. 12(e).

### SUMMARY

Defendants' dismissal motions are granted on: (1) Plaintiff's § 1983 claims against Pappas, Knoll and the County; (2) Plaintiff's § 1983 claim against Andrus alleging Andrus violated Plaintiff's civil rights by conspiring to file the felony and misdemeanor complaints; (3) Plaintiff's interference with economic advantage claim against Andrus and the County; (4) Plaintiff's malicious prosecution claim against Pappas, Knoll and Andrus; (5) Plaintiff's official capacity suit against Dillman; (6) Plaintiff's suit against SCOE; and (7) Plaintiff's defamation claim against Dillman, Pappas, Knoll and Andrus.  Defendants' motions for a more definite statement are denied.  SCOE and Dillman's motion to strike is granted.  Plaintiff is granted ten days leave from the date on which this order is filed to file a second amended complaint in which any dismissed claim is amended.

IT IS SO ORDERED.

Dated:  June 5, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge