IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD E. HARRIS,                        )
                                         )
                Plaintiff,               )        2:08-cv-00098-GEB-EFB
                                         )
        v.                               )        ORDER*
                                         )
BARBARA DILLMAN, individually and        )
as Superintendent of Schools for         )
Siskiyou County Department of            )
Education; TIMOTHY PAPPAS,               )
individually and as Deputy               )
District Attorney in the Office of       )
Siskiyou County District Attorney;       )
PETER F. KNOLL, individually and         )
as District Attorney for the             )
County of Siskiyou; KIRK ANDRUS,         )
individually and as District             )
Attorney for the County of               )
Siskiyou; SISKIYOU COUNTY, a             )
political subdivision; SISKIYOU          )
COUNTY DEPARTMENT OF EDUCATION; and)
SISKIYOU COUNTY OFFICE OF                )
EDUCATION,                               )
                                         )
                Defendants.              )
_____)

        On May 28, 2008, Plaintiff Edward E. Harris ("Harris") filed

a motion seeking to recuse and disqualify attorney John P. Kelley

("Kelley") and the law firm of Halkides, Morgan and Kelley ("the

_____

        *       This matter was determined to be suitable for decision without
oral argument.  L.R. 78-230(h).

1

Firm") from participating in this action, based on the allegation that the firm previously represented Harris in a lawsuit filed by Gina Villani.  Defendants Barbara Dillman and Siskiyou County Office of Education (collectively "Defendants") oppose Plaintiff's motion.  For the following reasons, Plaintiff's motion is denied.

BACKGROUND

On July 23, 2002, Gina Villani ("Villani") filed suit ("the Villani case") against Harris and the Big Springs Elementary School District ("the District").  (Mot. at 3:22-24.)  Villani, a minor student employed by the District, alleged that Harris, the District's Superintendent, had sent her inappropriate e-mails.  (Second Am. Compl. ¶¶ 10, 18; Decl. of Arthur L. Morgan in Supp. of Opp'n to Mot. to Disqualify ("Morgan Decl."), Ex. 1, Villani's Compl. for Damages ("Villani Compl.") ¶ 13.)  It is undisputed that the Firm represented the District in the Villani case.  (Harris Decl. in Reply to Opp'n to Mot. to Disqualify ("Harris Reply Decl.") ¶ 9; Opp'n to Mot. to Disqualify ("Opp'n") at 2:5-7.)  However, it is disputed whether the Firm represented Harris in the Villani case.  (Mot. at 3:22-24; Opp'n at 2:5-7.)  On January 14, 2008, Harris filed suit in the instant case against Defendants alleging, *inter alia*, a conspiracy to defame him using Villani's false allegations.  (Second Am. Compl. ¶¶ 17-19, 58, 61.)  Kelley and the Firm represent Defendants in the instant case. (Mot. at 3:3-6.)

DISQUALIFICATION STANDARDS

Harris moves to disqualify Kelley and the Firm for engaging in "successive representation" under California Rule of Professional

2

Conduct ("Rule") 3-310(E).[1]  (Mot. at 3:17-18.)  Rule 3-310(E) prescribes: "[an attorney] shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the [attorney] has obtained confidential information material to the employment."  Cal. Rules of Prof'l Conduct R. 3-310(E).  Absent informed written consent from the first client, an attorney must be disqualified for successive representation under Rule 3-310(E) when (1) the attorney successively represents clients with adverse interests and (2) the subjects of the two representations are substantially related.  People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc., 20 Cal. 4th 1135, 1146 (1999).  At issue here is whether the first prong has been satisfied.

The issue is whether Harris had an attorney-client relationship in connection with the Villani case.  See Oaks Mgmt. Corp. v. Superior Court of San Diego County, 145 Cal. App. 4th 453, 465 (2006) (holding "rule 3-310 controls . . . disqualification motions only in the context of attorney-client relationships").

> [A] formal retainer agreement is not required before attorneys acquire fiduciary obligations of loyalty and confidentiality, which begin when attorney-client discussions proceed beyond initial or peripheral contacts.  An attorney represents a client-for purposes of a conflict of interest analysis-when the attorney knowingly obtains material confidential information from the client and renders legal advice or services as a result.

---

[1]  Attorneys practicing in this district are held to "the standards of professional conduct required of members of the State Bar of California and contained in . . . the Rules of Professional Conduct of the State Bar of California and decisions of any Court applicable thereto."  L.R. 83-180(e).

SpeeDee Oil, 20 Cal. 4th at 1148.  Harris has the burden of establishing the existence of an attorney-client relationship.  Id. at 1149.

ANALYSIS

Harris argues he was represented by Kelley and the Firm in the Villani case.  (Mot. at 3:22-24, 4:19-20.)  Harris declares "Kelley . . . was retained to represent me in the 2002 Villani civil suit."  (Decl. of Edward E. Harris in Supp. of Mot. to Disqualify ("Harris Decl. I") ¶ 14.)  Harris also declares "I recall discussing with [Kelley] on one or more occasions in late 2002 the Gina Villani accusations.  I was very candid with him and provided substantial information to use in my defense."  (Id.)  Harris further argues that Kelley filed an answer to the complaint on his behalf.  (Mot. at 4:10-12.)  Harris submits a Superior Court Docket Sheet from the Villani case as support of these assertions.  In the caption of this docket sheet, the defendant is listed as "Harris Ed," and immediately underneath, the attorney is listed as "Kelly Halkides, Morgan &." (Harris Decl. I, Ex. A, Siskiyou County Superior Court Docket Sheet in Villani vs. Harris Case No. CVP0020001273 ("Docket Sheet") at 1.) However, the District is not listed as a defendant in the Docket Sheet's caption.  (Id.)  Moreover, the entry on October 21, 2002, states "answer filed by atty for dfnt, Big Springs Elem. School." (Id.)  The status conference entry on July 24, 2002 states "counsel Morgan is pres tele on behalf of dft School; there are no other appearances."  (Id. at 2.)

Defendants argue Arthur Morgan ("Morgan"), a partner at the Firm, represented only the District in the Villani case.  (Opp'n at 2:5-8.)  Erik Knak ("Knak"), the claims administrator for Northern

4

California Schools Insurance Group ("the Group"), the District's
insurance provider, questioned whether Harris was entitled to a
defense and retained Morgan and the Firm to represent the District
only.  (Decl. of Erik Knak in Supp. of Opp'n to Mot. to Disqualify
("Knak Decl.") ¶¶ 2-4; Knak Decl., Ex. 1, Letter of Representation.)
Morgan prepared and filed an answer to the complaint on behalf of the
District only.  (Morgan Decl. ¶ 7; Decl. of John P. Kelley in Supp. of
Opp'n to Mot. to Disqualify ("Kelley Decl."), Ex. 3, Answer to Villani
Complaint at 1.)  The Villani case settled before Knak could determine
whether the Group owed Harris a defense, and Knak never retained the
Firm to represent Harris.  (Knak Decl. ¶¶ 6-7.)  No answer was ever
filed on behalf of Harris.  (Morgan Decl. ¶ 7.)

          Defendants argue Kelley and Morgan never spoke with Harris
during the Villani case.  (Opp'n at 2:5-8.)  Both Morgan and Kelley
declare that they had no direct contact with Harris.  (Morgan Decl. ¶
9; Kelley Decl. ¶ 7.)  The Firm's billing records show no direct
contact with Harris.  (Morgan Decl. ¶ 9; Kelley Decl., Ex. 1, The
Firm's Villani Case Billing Records ("Billing Records") at 1-2.)  The
Firm's file and computer database for the Villani case also show no
direct contact with Harris.  (Morgan Decl. ¶ 9; Kelley Decl. ¶ 7.)
Defendants further argue Harris was represented by attorney Dugan Barr
("Barr") during the Villani case.  (Opp'n at 3:27-28, 4:1.)  On
October 8, 2002, Barr sent a letter to Alan L. Swanson ("Swanson"),
the District's transactional attorney, stating "[the Villani case]
appears to me to be something for which the District should be
defending Mr. Harris.  I would appreciate knowing who defense counsel
is going to be."  (Id. at 4:1-6; Knak Decl., Ex. 2, Letter from Barr
to Swanson ("Barr Letter").)  On October 24, 2002, after Villani and

the District agreed to settle, Morgan sent Villani's father a letter saying "I will talk to Mr. Harris' attorney on Tuesday in hopes of getting more settlement funds from Harris." (Morgan Decl. ¶ 7; Morgan Decl., Ex. 2, Letter from Morgan to Villani ("Morgan Letter").) Barr and Morgan had three telephone conversations regarding the settlement, two of which occurred after the Morgan Letter was sent. (Morgan Decl. ¶ 7; Billing Records at 2.)

In his Reply, Harris argues he reasonably but mistakenly believed he was represented by the Firm in the Villani case. (Reply to Opp'n to Mot. to Disqualify ("Reply") at 2:18-20, 5:8-9.) Harris declares he knew that the Firm represented the District so he assumed the Firm also represented him. (Harris Reply Decl. ¶ 9.) Harris declares he called the Firm and spoke with Kelley or Morgan, who told Harris "not to worry about [the complaint]." (Id. ¶ 10.) Harris then called Barr, a "long-time family friend," and asked Barr if he should ignore the complaint. (Id. ¶ 11.) "[Barr] did not respond." (Id.) Harris declares he again called the Firm and spoke with Kelley, who told Harris "not to worry about showing up in court." (Id. ¶ 12.) Harris followed these instructions and did nothing to defend himself in the Villani case. (Id.) Harris further declares Kelley asked him to agree to a settlement and he "strenuously opposed offering any settlement of any kind." (Id. ¶ 13.)

Harris submits a "Master Document" to the Superior Court Docket Sheet from the Villani case, arguing it shows that he, "so far as the Siskiyou court records are concerned, was represented." (Id. ¶ 14.) The Master Document lists the "1st Defendant Attorney" as "Halkides, Morgan & Kelly." (Harris Reply Decl., Ex. A, Master Document to the Siskiyou County Superior Court Docket Sheet from the

1   Villani Case ("Master Document").)  Harris was the first named
2   defendant in the Villani case. (Villani Compl. at 1.)

3        Neither the Master Document nor the Docket Sheet support
4   Harris's position that an attorney-client relationship existed.  The
5   source for the listings is unclear, and the District is not listed as
6   a defendant in either document.  The Docket Sheet states: "ANSWER
7   FILED BY ATTY FOR DFNT, BIG SPRINGS ELEM. SCHO DL (TO)," and during
8   the status conference the Firm appeared on behalf of the District and
9   there were no other appearances.  Knak's Declaration and the Barr
10  Letter also show that Harris was unrepresented.

11       Nonetheless, it must be determined whether the alleged
12  discussions between Harris and the Firm were sufficient to establish
13  an attorney-client relationship for the purpose of a conflict of
14  interest analysis.  Harris's conclusory declaration that he provided
15  "candid" and "substantial" information to the Firm is insufficient to
16  establish that confidential information was disclosed.  See SpeeDee
17  Oil, 20 Cal. 4th at 1149 (citing In re Marriage of Zimmerman, 16 Cal.
18  App. 4th 556, 565 (1993), which affirmed denial of motion to
19  disqualify where movant claimed she "outlined" case to attorney by
20  disclosing all "pertinent" information but "the [movant]'s declaration
21  in support of her motion failed to show, or even claim, that she
22  disclosed confidential information to [the attorney]").  Moreover,
23  Harris's declarations do not show that anyone in the Firm rendered
24  legal advice *as a result of* disclosed confidential information.

25       Lastly, Defendants request that Plaintiff be sanctioned for
26  filing the instant motion, arguing "Plaintiff's counsel was sent an
27  email detailing the reasons why the motion was frivolous [and]
28  [d]espite this email, the motion remains on calendar.  (Opp'n at 8:9-

12.)  This argument is insufficient to justify treating it as  a

motion for sanctions; therefore, it is disregarded.

CONCLUSION

For the stated reasons, Plaintiff's motion to disqualify

Kelley and the law Firm from participating in this action is denied.

IT IS SO ORDERED.

Dated:  July 3, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge