UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD E. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BARBARA DILLMAN, individually and as Superintendent of Schools for the Siskiyou County Office of Education; the SISKIYOU COUNTY OFFICE OF EDUCATION; TIMOTHY PAPPAS, individually and as Deputy District Attorney in the Office of the Siskiyou County District Attorney; PETER F. KNOLL and KIRK ANDRUS, both individually, and as District Attorneys for the County of Siskiyou and the County of Siskiyou, a political subdivision,<br><br>　　　　Defendants. | 2:08-cv-0098-GEB-CMK<br><br>ORDER* |

On October 22, 2008, Defendants Timothy Pappas ("Pappas"), Peter F. Knoll ("Knoll"), Kirk Andrus ("Andrus") and the County of Siskiyou (the "County") filed a motion to dismiss Plaintiff's state claims for interference with prospective economic advantage and

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

defamation.  In addition, the County seeks dismissal of Plaintiff's Complaint "on the grounds that no claims are stated against [the County]." (Pappas, Knoll, Andrus & the County's Mot. to Dismiss ("County Mot.") at 12:13-15.)  Since none of Plaintiff's claims are against the County, the County is dismissed as a Defendant in this action.

On October 23, 2008, Defendant Barbara Dillman ("Dillman") filed a motion to dismiss Plaintiff's defamation claim, or in the alternative, for a more definite state of Plaintiff's defamation claim.

Interference with Prospective Economic Advantage Claim

Defendants Pappas and Knoll seek dismissal of Plaintiff's interference with prospective economic advantage claim arguing it is barred by the statute of limitations.  (County Mot. at 6:19-23.) Plaintiff counters that the amended Complaint adding this claim against the movants is authorized by the "relation back" doctrine. (Pl. Opp'n to County Mot. at 3:2-5.)

> If an amended complaint rests upon the same general set of facts as the original complaint and refers to the same action and the same injuries referred to in the original complaint, the amended complaint will relate back to the original complaint and thus avoid the bar of the statute of limitations.  This is true even though the amended complaint may rest on a different legal theory or state a different cause of action.

Walton v. Guinn, 187 Cal. App. 3d 1354, 1360 (1986) (internal citations omitted).  Since Plaintiff's amended Complaint rests upon the same general set of facts and injuries alleged in the initial Complaint and Pappas and Knoll were also included as Defendants in the initial Complaint, the relation back doctrine authorized the claim. Accordingly, Defendants Pappas and Knoll's motion is denied.

2

1  Defendants Pappas, Knoll, and Andrus further argue the claim
2 is barred by Plaintiff's failure to comply with the California Tort
3 Claims Act; specifically Defendants argue the tort claim presented to
4 the state was limited to malicious prosecution and did not include a
5 claim for interference with prospective economic advantage. (County
6 Mot. at 7:10-12.) Plaintiff counters that the tort claim presented to
7 the state was sufficient. (Pl. Opp'n to County Mot. at 5:11-12.)

8  The purpose of the California Tort Claims Act is "to provide
9 the public entity sufficient information to enable it to adequately
10 investigate claims . . . Consequently, a claim need not contain the
11 detail and specificity required of a pleading, but need only fairly
12 describe what the entity is alleged to have done." <u>Stockett v.
13 Association of Cal. Water Agencies Joint Powers Ins. Authority</u>, 34
14 Cal. 4th 441, 446 (2004). Plaintiff's initial tort claim stated
15 Defendants' actions were "intended to interfere with his prospects for
16 employment in [the] County." (Third Amended Complaint ("TAC") ¶ 47,
17 Ex. B.) Plaintiff repeated this allegation in his amended tort claim,
18 stating Defendants' actions "intended to, and did, interfere with
19 [Plaintiff's] employment." These tort claims fairly described
20 Plaintiff's allegations of interference with prospective economic
21 advantage and are sufficient to withstand Defendants' dismissal
22 motion.

23 <u>Defamation Claim</u>

24  Defendants Pappas, Knoll, Andrus, and Dillman seek dismissal
25 of Plaintiff's defamation claim, arguing the claim is barred by the
26 one year statute of limitations. (County Mot. at 2-3:26-4.; Dillman
27 Mot. at 8:10-11.) Plaintiff counters that Defendants' defamation of
28 him was a "manifestation of a secret conspiracy" and that the statute

3

1  of limitations began to run when he discovered the conspiracy.  (Pl.
2  Opp'n to County Mot. at 7:19-20.)

>   [I]n some instances, the accrual of a cause of action in tort is delayed until the plaintiff discovered (or reasonably should have discovered or suspected) the factual basis for his or her claim.  [The California Supreme Court has] recognized that in certain circumstances it may be appropriate to apply the discovery rule to delay the accrual of a cause of action for defamation or to impose an equitable estoppel against defendants who assert the defense after the limitations period has expired.
>
>   [The discovery] rule has been applied when the defamatory statement is hidden from view as, for example, in a personnel file that generally cannot be inspected by the plaintiff.  The rationales offered in support of the application of the discovery rule to defamation cases are equitable in nature.  The cases turn upon the circumstances in which the defamatory statement is made and frequently involve a defamatory writing that has been kept in a place to which the plaintiff has no access or cause to seek access.  The plaintiff's inability to discover the libel when it first was "published" and placed in a confidential file would render unjust any holding that the cause of action accrued and the period of limitations commenced when the writing was placed in the file.

Shively v. Bozanich, 31 Cal. 4th 1230, 1248-1249 (2003).

Plaintiff alleges in his defamation claim that Knoll and Pappas authored defamatory letters to the editor of the Siskiyou Daily News which appeared in publications in 2001 and 2002.  (TAC ¶¶ 56-61.) The discovery rule is not applicable to these claims because Plaintiff was not prevented from accessing these defamatory statements.  See Shively v. Bozanich, 31 Cal. 4th at 1251 ("The discovery rule has not, however, been applied to postpone the accrual of a cause of action based upon the publication of a defamatory statement contained in a . . .newspaper").  Additionally, Plaintiff alleges Dillman, beginning in 2002 and continuing to 2004, "secretly" conveyed false information to

4

Plaintiff's peers, professional associates, and the Siskiyou Daily News; and further, between 2004 and 2006, Dillman falsely accused Plaintiff of falsifying school attendance figures.  (TAC ¶¶ 62-63.)  Even though Plaintiff alleges Dillman defamed him secretly, Plaintiff's allegations do not show Plaintiff was unable to access or discover Dillman's defamation.  While Plaintiff argues he did not learn of the conspiracy amongst Defendants until 2007, he does not allege he was prevented from discovering the alleged defamatory statements at the time the statements were made.

Plaintiff's only allegation that is not barred by the statute of limitations is the allegation that "[o]n unknown dates [D]efendants, Knoll, Pappas, and Andrus adopted and repeated Dillman's false accusations against [P]laintiff."  (TAC ¶ 66.)  However, this allegation is "insufficient in that [it is] ascribed to [D]efendants collectively rather than to individual [D]efendants." Arikat v. JP Morgan Chase & Co., 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006). Additionally, "[t]he words constituting a libel or slander must be specifically identified, if not plead verbatim.  While the exact words or circumstances of the slander need not be alleged to state a claim for defamation, the substance of the defamatory statement must be alleged." Silicon Knights v. Crystal Dynamics, 983 F. Supp. 1303, 1314 (N.D. Cal. 1997)(internal citations omitted).  Plaintiff's remaining defamation allegations are "only general allegations of the defamatory statements and [do] not identify the substance of what was stated by the Defendants" and are therefore insufficient to state a defamation claim. Id. at 1314.  Accordingly, each Defendant's motion is granted and Plaintiff's claim for defamation is dismissed.

1  Since the County is dismissed as a Defendant and Plaintiff's
2 defamation claim is dismissed, the decision is reached whether
3 Plaintiff should be given leave to file a Fourth Amended Complaint in
4 which Plaintiff attempts to cure these deficiencies.  "The Federal
5 Rules of Civil Procedure state that leave to amend 'shall be freely
6 given when justice so requires.'  The decision of whether to grant
7 leave to amend nevertheless remains within the discretion of the
8 district court, which may deny leave to amend due to . . . repeated
9 failure to cure deficiencies by amendments previously allowed . . ."
10 Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir.
11 2008)(internal citations omitted).  Plaintiff has twice been given
12 leave to cure deficiencies in his claims and yet still has not alleged
13 a claim against the County and fails to allege viable defamation
14 claims; therefore these claims are dismissed without leave to amend.
15 Dated:  November 26, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge