**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD E. HARRIS, | No. CIV S-08-0098-GEB-CMK |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| BARBARA DILLMAN, et al., | |
| Defendants. | |
| _____/ | |

    Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Dillman's motion to compel (Doc. 51). In the motion defendant Dillman requests the court order plaintiff to provide contact information for the witnesses identified in his initial disclosures as well as those witnesses who should have been identified in his initial disclosures, a written response to her request for production of documents, and sanctions.

    A hearing was held on this matter before the undersigned in Redding, California, on February 12, 2009. Plaintiff's counsel, Robert Cohune appeared telephonically. Defense counsel, John Kelley, appeared in person.

/ / /

Upon consideration of the motion and briefs, and discussion with the parties at the hearing, the court finds good cause to grant the motion. Defendant Dillman contends that plaintiff's initial disclosures required by Rule 26 of the Federal Rules of Civil Procedure, were deficient in that the disclosures contained no contact information for any of plaintiff's identified witnesses. In addition, defendant Dillman states one week after plaintiff provided supplemental disclosures,[1] plaintiff answered interrogatories in which he named additional witnesses who were not included in his initial or supplemental disclosures. Defendant argues that these witnesses should have been included in plaintiff's disclosures, and is therefore requesting contact information on these additional witnesses as well.

Plaintiff does not dispute that no contact information was provided as to any of his identified witnesses, even though some of them were his relatives. Nor has he alleged that he has absolutely no contact information for any of the witnesses he has identified. Rule 26 requires the parties to provide to the other parties:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Rule 26(a)(1)(A)(i).

The undersigned therefore finds that plaintiff has not complied with Rule 26's requirements. Specifically, plaintiff has not provided defendant Dillman with contact information of any of the witnesses he has identified. In order to facilitate the exchange of the relevant information, defense counsel has agreed with the court's suggestion that he provide plaintiff's counsel a list of those witnesses who are unknown to defendant Dillman, and for whom contact information is requested. Plaintiff shall then provide defendant Dillman with such

/ / /

---

[1] The supplemental disclosures did not list any additional witnesses; it did correct plaintiff's failure to include a calculation of damages.

information regarding these witnesses as is known or reasonably obtainable, pursuant to Rule 26(g)(1).

Second, defendant Dillman contends that plaintiff failed to respond in writing, as required by Rule 34(b), to her August 19, 2008, request for production of documents, set one. Defendant acknowledges the receipt of almost 300 pages of documents plaintiff apparently sent in response to the request, but has never received a written response. Defense counsel does not dispute that no written response was sent, but acknowledged that the documents were in fact in response to the request. Defense counsel also stated that the documents produced were the total of all documents he had in response to the request, and none have been withheld as privileged.

Rule 34(b) specifically requires a written response from the responding party in relation to a request for production of documents. The responding party is required to respond in writing within 30 days and, as to each item or category, "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2).

Here, plaintiff failed to comply with Rule 34(b)(2)'s requirement of a written response in addition to the production of documents. Plaintiff will be required to respond in writing to defendant Dillman's August 19, 2008, request for production of documents, set number one. Plaintiff's written response shall address Rule 34(b)(2)'s requirements that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."

Finally, defendant Dillman requests sanctions for plaintiff's discovery failures in the amount of $2,000, the equivalent of 10 hours of attorney time at a rate of $200 per hour. As discussed at the hearing, the request of 10 hours was based on defense counsel being required to attend a hearing in Sacramento as originally scheduled. However, defense counsel was not required to attend a hearing in Sacramento as this case was reassigned to the undersigned prior to the hearing on this matter, and the hearing was held in Redding.

However, the undersigned does find sanctions appropriate for plaintiff's failure to provide a written response to defendant Dillman's request for production of documents (Rule 34 violation) and his failure to provide any contact information for his witnesses (Rule 26 violation). The court will award defendant sanctions in the amount of $999.00.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Dillman's motion to compel (Doc. 51) is granted;

2. As discussed at the hearing, defense counsel will submit to plaintiff's counsel, by Wednesday, February 18, 2009, a list of plaintiff's identified witnesses who are unknown to the defendant and for whom she does not have contact information;

3. Plaintiff shall respond to defendant's list of witnesses within 10 days of receiving the list, providing defendant such contact information he has or can reasonably obtain, as required by Rule 26;

4. Plaintiff's counsel shall comply with Rule 34(b)'s requirement to respond, in writing, to defendant's August 19, 2008, request for production of documents within 30 days of the date of this order. His response must meet Rule 34(b)(2)'s requirements that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons"; and

5. Sanctions are awarded to the defendant in the amount of $999.00.

DATED: February 17, 2009

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE